**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Shenzhen Stronger Technology Co., Ltd. <br><br> *Plaintiff*, <br><br> v. <br><br> Travel Caddy, Inc. <br><br> *Defendant*. | **Case No. 1:26-cv-1307** <br><br> **Jury Demand** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF**
**PATENT NON-INFRINGEMENT**

Plaintiff Shenzhen Stronger Technology Co., Ltd. (doing business as Waterfly Direct) ("Plaintiff"), for its Complaint against Defendant Travel Caddy, Inc. ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for a declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, Title 35 of the United States Code, §§ 100et seq.

2. Plaintiff seeks a judicial declaration that it has not infringed and does not infringe any valid and enforceable claim of United States Patent No. 12,220,026 B2 (the "'026 Patent") and United States Design Patent No. 820,152 S (the "'152 Patent") (collectively, the "Asserted Patents").

3. This action is necessary to resolve an actual, substantial, and continuing controversy between Plaintiff and Defendant regarding whether Plaintiff's products infringe the Asserted Patents. The controversy was created by Defendant's accusation of patent infringement made through

Amazon's intellectual property complaint process, which identified Plaintiff's specific Amazon listings and Asserted Patents. Although Amazon has not removed the listings as of the date of filing, the complaint places Plaintiff's business at immediate risk of listing removal and related marketplace consequences, and forces Plaintiff to choose between curtailing lawful sales or continuing under a cloud of threatened enforcement. Plaintiff brings this action to protect its lawful U.S. commerce and to obtain a prompt judicial determination of non-infringement.

## THE PARTIES

4. Plaintiff Shenzhen Stronger Technology Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China. Plaintiff is a legitimate and innovative enterprise engaged in the marketing, and sale of high-quality zipper pull tabs (the "Accused Products").

5. Upon information and belief, Defendant Travel Caddy, Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 11333 Addison Ave., Unit 200, Franklin Park, Illinois 60131.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claims for declaratory judgment of non-infringement arise under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

7. An actual and justiciable controversy exists between Plaintiff and Defendant regarding infringement and validity of the Asserted Patents, sufficient to establish jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. The controversy is evidenced by Defendant's affirmative enforcement activity through Amazon's intellectual property complaint process, which identified U.S. Patent No. 12,220,026 B2 and U.S. Design Patent No. D820,152 S targeted

Plaintiff's Amazon listings (ASINs B0FX8CCQHP, B0FX81P34D, and B0FX8D9TLS), and created an immediate risk of listing removal and loss of Plaintiff's ability to sell on Amazon.

8. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant Travel Caddy, Inc. is an Illinois corporation with its principal place of business at 11333 Addison Ave., Unit 200, Franklin Park, Illinois 60131, and is therefore "at home" in Illinois and subject to general personal jurisdiction in this Court.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District. Defendant is a corporate entity that is subject to personal jurisdiction in this District and therefore "resides" here for venue purposes under 28 U.S.C. § 1391(c)(2).

## FACTUAL BACKGROUND

10. Plaintiff sells zipper pull tabs (the "Accused Products"), including products offered for sale to customers in the United States through Amazon.com.

11. Plaintiff's Amazon listings for the Accused Products include, at least, ASINs B0FX8CCQHP, B0FX81P34D, and B0FX8D9TLS. *See* **Exhibit A (Amazon notice).**

12. On January 29, 2026, Amazon notified Plaintiff that it had received a report from the rights owner alleging that the Accused Products identified in the notice infringe the rights owner's Asserted Patents.

13. The Amazon notice identified the rights owner contact as Ryan Hickman (email: ryanh@travelonbags.com) and referenced Complaint ID 19346657481. *Id.*

14. Although Amazon stated that Plaintiff's account and listings were not affected at the time of the notice and that no appeal was required, Amazon advised Plaintiff to resolve the dispute with the rights owner and warned that otherwise Plaintiff's products "may be removed" and Plaintiff "may

3

not be able to continue selling" on Amazon.

15. Defendant's accusation of patent infringement, made through Amazon's intellectual property complaint process and directed to Plaintiff's identified listings, has created an actual, immediate, and substantial controversy between the parties regarding whether Plaintiff's Accused Products infringe the Asserted Patents and whether the Asserted Patents are valid and enforceable.

16. Plaintiff denies that the Accused Products infringe any valid and enforceable claim of the Asserted Patents. Plaintiff has filed this action to obtain a prompt judicial determination of the parties' respective rights and to remove the cloud of uncertainty over Plaintiff's continued U.S. sales through Amazon.

## The '152 PATENT

17. U.S. Design Patent No. 820,152 S (the "'152 Patent") was filed on September 8, 2016, and issued on June 12, 2018. A true and correct copy of the '152 Patent is attached hereto as **Exhibit B.**

18. The '152 Patent is entitled "Zipper Pull Tab" and claims the ornamental design for a zipper pull tab, as shown and described.

19. The '152 Patent includes one claim covering the ornamental design depicted in Figures 1–8, with broken lines indicating unclaimed subject matter.

20. Upon information and belief, Defendant Travel Caddy, Inc. is the assignee of the '152 Patent, and Henry J. Cowdery is identified as the inventor.

## The '026 PATENT

21. U.S. Patent No. 12,220,026 B2 (the "'026 Patent") was filed on August 7, 2023, and issued on February 11, 2025. A true and correct copy of the '026 Patent is attached hereto as **Exhibit C.**

22. The '026 Patent is entitled "Interlocking Zipper Pull Tabs and Fastening System" and generally

relates to zipper fasteners with security features, including locking or interlocking first and second zipper pull tabs.

23. The '026 Patent has three independent claims and fifteen dependent claims.

24. Upon information and belief, Defendant Travel Caddy, Inc. is the assignee and owner of the '026 Patent and is identified on the face of the patent as both the Applicant and Assignee, with an address in Franklin Park, Illinois.

**COUNT I**
**(Declaratory Judgment of Non-Infringement of U.S. Design Patent No. 820, 152 S)**

25. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. An actual and justiciable controversy exists between Plaintiff and Defendant concerning whether Plaintiff's products infringe the '152 Patent.

27. Plaintiff's Accused Product has not infringed and does not infringe the '152 Patent. *See* **Exhibit D (Comparison of '152 Patent and Accused Product)**.

28. Specifically, the overall visual impression of Plaintiff's accused zipper pull tab design is not substantially the same as the overall visual impression of the design claimed in the '152 Patent, such that an ordinary observer, familiar with the prior art designs of zipper pull tabs, would not be deceived into purchasing Plaintiff's accused products believing them to be the design claimed in the '152 Patent.

29. By way of example, Plaintiff's accused design differs materially from the '152 Patent design in multiple aspects of its overall appearance, including differences in (i) the left-end silhouette and transition geometry, (ii) the shoulder geometry, (iii) the right-end termination geometry, and (iv) the ring-to-base relationship in the central region, among other features, such that the overall visual

impression of the accused design is not substantially the same as the design claimed in the '152 Patent to an ordinary observer familiar with the prior art. *Id.*

30. Plaintiff is therefore entitled to a judicial declaration that Plaintiff's Accused Product does not infringe the '152 Patent.

31. A judicial declaration of non-infringement is necessary and appropriate to resolve the controversy between the parties and to remove the cloud of uncertainty created by Defendant's accusation asserted through Amazon's intellectual property complaint process.

**COUNT II**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 12, 220, 026 B2)**

32. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. An actual and justiciable controversy exists between Plaintiff and Defendant concerning whether Plaintiff's products infringe the '026 Patent.

34. Plaintiff's Accused Product has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '026 Patent, either literally or under the doctrine of equivalents. *See* **Exhibit E (Comparison of '026 Patent and Accused Product)**.

35. By way of example, and without limitation, Plaintiff's Accused Product does not meet one or more limitations of at least independent claims 1, 11, and 18 of the '026 Patent. *Id.*

36. Among other things, Plaintiff's accused products do not include the claimed "flat base" having "a first recess extending into the base from the second side," and do not include a moveable gate "pivotally coupled inside" such a claimed recess, as recited in the asserted independent claims. *Id.*

37. Plaintiff's Accused Product also does not include the claimed "C-shaped coupling integrally

formed with and extending from the first side of the base" having the recited tapering thickness profile and thickness ratio range (between 4:1 and 2:1), as required by the asserted independent claims. *Id*.

38. Further, at least claim 11 additionally requires "a grip integrally formed with the moveable gate" and extending transversely as recited, which Plaintiff's accused products do not include. *Id*.

39. Because Plaintiff's Accused Product does not infringe independent claims 1, 11, and 18, Plaintiff's Accused Product likewise does not infringe any dependent claims that depend from those independent claims, because each such dependent claim incorporates all limitations of its respective independent claim.

40. Plaintiff is therefore entitled to a judicial declaration that Plaintiff's accused products do not infringe the '026 Patent.

41. A judicial declaration of non-infringement is necessary and appropriate to resolve the controversy between the parties and to remove the cloud of uncertainty created by Defendant's accusation asserted through Amazon's intellectual property complaint process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant Travel Caddy, Inc., and grant the following relief:

A. A declaration that Plaintiff's Accused Products do not infringe, directly or indirectly, any claim of U.S. Design Patent No. D820,152 S;

B. A declaration that Plaintiff's Accused Products do not infringe, directly or indirectly, any claim of U.S. Patent No. 12,220,026 B2;

C. A finding that this case is exceptional and an award to Plaintiff of their costs, expenses,

and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

D. Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

E. Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

F. Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

G. Awarding pre- and post- judgment interest; and

H. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: February 4, 2026

/s/*Jie Li*

Jie Li, Esq.
GLACIER LAW LLP
251 S Lake Avenue, Suite 910
Pasadena, CA 91101
jie.li@glacier.law
626-750-0040

***Attorney for Plaintiff***

8